IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LODGEWORKS, L.P.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 11-1317-KHV |
| **C.F. JORDAN CONSTRUCTION, LLC,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER OF PRELIMINARY INJUNCTION

Lodgeworks, L.P. filed suit against C.F. Jordan Construction, LLC ("Jordan") to enforce an arbitration provision in a construction contract under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1 et seq. In particular, Lodgeworks seeks to compel Jordan to arbitrate their dispute in Wichita, Kansas. This matter is before the Court on LodgeWorks' Motion For Preliminary Injunction (Doc. #3) filed October 19, 2011, Defendant's Rule 12(b)(6) Motion To Dismiss (Doc. #14) filed November 4, 2011 and Defendant's Rule 12(b)(1) And 12(b)(3) Motion To Dismiss Or, In The Alternative, Motion To Transfer (Doc. #16) filed November 4, 2011. On December 20, 2011, Magistrate Judge Gerald L. Rushfelt recommended that the Court sustain plaintiff's motion for preliminary injunction which seeks to enjoin defendant from (1) seeking to conduct an arbitration hearing in a forum other than Wichita, Kansas and under controlling law other than Kansas and (2) asking the American Arbitration Association to hold a hearing on this dispute in Texas or under Texas law. See Report And Recommendation (Doc. #27). For reasons stated below, the Court sustains plaintiff's motion for preliminary injunction in part and overrules defendant's motions to dismiss.

**Factual Background**

On July 16, 2008, the parties entered into a written contract for defendant to design and

construct a series of hotels throughout the United States. The contract includes provisions for arbitration and choice of law as follows:

> 39. All claims, disputes and other matters in question arising out of, or relating to, this Agreement or the breach thereof, shall be decided in Wichita, Kansas by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining, unless the parties mutually agree otherwise. * * *
>
> 42. This Agreement shall be governed by and construed under the laws of the State of Kansas (excluding conflict of laws principles), unless otherwise required by the laws of the state in which the Project is located or otherwise agreed in the Project Addendum for a particular Project.

Exhibit A to Complaint (Doc. #1).

On August 26, 2008, the parties entered into a Project Addendum under which Jordan agreed to design and construct the Aloft Austin at the Domain, a 140-room hotel in Austin, Texas. The addendum was integrated as part of the original contract and did not alter the arbitration and choice of law provisions. Jordan substantially completed the Aloft Austin hotel on October 28, 2009. On November 12, 2009, LodgeWorks opened the Aloft Austin hotel.

In late 2009, Aloft Austin employees noted problems with water in and around the wall-mounted packaged terminal air-conditioning units in the guest rooms. On September 7 and 8, 2010, heavy rain associated with Tropical Storm Hermine caused extensive water damage throughout the Aloft Austin hotel. To allow for expedited remediation, cleaning and rebuilding of affected areas, LodgeWorks closed the Aloft Austin hotel for business from October 6, 2010 to March 1, 2011.

On August 1, 2011, LodgeWorks filed a demand for arbitration with the American Arbitration Association ("AAA") and requested a hearing in Wichita, Kansas. On August 23, 2011, defendant objected to that location. In particular, defendant asserted that Texas law allows it to void the arbitration provision. Three days later, defendant commenced a declaratory judgment action in

a Texas state court to prevent enforcement of the arbitration venue and choice-of-law provisions.[1]

On August 29, 2011, defendant filed an arbitration demand with the AAA. Defendant requested a hearing in Texas for derivative claims against various subcontractors. Defendant's derivative claims are primarily contingent on plaintiff's recovery on its claims against defendant. About a month later, defendant requested that the AAA consolidate the two arbitrations.

On October 14, 2011, plaintiff filed this action for a declaratory judgment that Wichita, Kansas is the proper venue for arbitration of the parties' dispute.

## **Analysis**

Plaintiff seeks a preliminary injunction to prevent defendant from (1) seeking to conduct an arbitration hearing in a forum other than Wichita and under controlling law other than Kansas and (2) asking the AAA to hold a hearing on this dispute in Texas or under Texas law. Defendant argues that under Texas law, it has the right, which it seeks to exercise, to void the forum selection and choice of law clauses in the parties' contract.[2] In particular, defendant relies on Section 272.001 of the Texas Business and Commerce Code, which provides as follows:

(a) This section applies only to a contract that is principally for the construction or repair of an improvement to real property located in this state.[3]

(b) If a contract contains a provision making the contract or any conflict arising under the contract subject to another state's law, litigation in the courts of another state, or arbitration in another state, that provision is voidable by the party obligated

---

[1] Defendant later dismissed the suit it filed in Texas state court. See Doc. #30 n.1.

[2] See Doc. #13 at 6 ("To avoid any confusion on the matter, Jordan (the party obligated by the Contract to perform construction services) intends and seeks to avoid the provisions of the Contract attempting to make the Contract or any conflict arising under the Contract subject to Kansas law and arbitration in Kansas – specifically portions of Sections 39 and 42 of the Contract referencing Kansas law and Kansas as the selected forum for any arbitration.").

[3] For purposes of the report and recommendation, Judge Rushfelt assumed, and the parties do not dispute, that the contract "is principally for the construction or repair of an improvement to real property located" in Texas.

by the contract to perform the construction or repair.

Tex. Bus. & Com. Code Ann. § 272.001 (Vernon 2006).[4]

Judge Rushfelt recommended that the Court sustain plaintiff's motion to enjoin defendant "(1) against seeking to conduct the parties' arbitration hearing outside of Wichita, Kansas and under non-Kansas law and (2) against asking the AAA to hold the hearing in Texas under Texas law." Doc. #27 at 20. The Court agrees substantially with the magistrate's recommendation that defendant should be precluded from seeking to arbitrate its dispute with plaintiff in any venue other than Wichita. The Court, however, rejects the magistrate's recommendation as to choice of law as unnecessary and beyond the scope of relief authorized by the FAA.

**I.  Venue Is Proper In Wichita**

> A.  <u>The Parties Agreed To The Arbitration Venue Of Wichita And Did Not Subsequently Modify That Agreement</u>

Paragraph 39 of the Agreement provides that any disputes "shall be decided in Wichita, Kansas by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining, unless the parties mutually agree otherwise." Defendant has not shown that the parties mutually agreed to change the location for arbitration. Absent such an agreement, the Court must enforce the arbitration venue provision as written.

---

[4] When the parties executed the Agreement in July of 2008, this provision was codified in Section 35.52(a) of the Texas Business and Commerce Code, which read as follows:

> If a contract is principally for the construction or repair of improvements to real property located in this state and the contract contains a provision that makes the contract or any conflict arising under it subject to the law of another state, to litigation in the courts of another state, or to arbitration in another state, that provision is voidable by the party that is obligated by the contract to perform the construction or repair.

Section 35.52(a) remained in effect until April 1, 2009, when it was recodified, substantially unchanged, as Section 272.001. For ease of reference, the Court refers only to the current version of the statute, Section 272.001.

> B.      Paragraph 42 Does Not Reflect A Mutual Agreement To Modify The Arbitration Venue Of Wichita, Kansas

As noted, Paragraph 42 of the Agreement provides that it "shall be governed by and construed under the laws of the State of Kansas (excluding conflict of laws principles), unless otherwise required by the laws of the state in which the Project is located or otherwise agreed in the Project Addendum for a particular Project."  Defendant argues that the Texas Business and Commerce Code requires that the Agreement be construed under Texas law.  The potential application of Texas law to the parties' dispute does not reflect a mutual agreement to modify the chosen arbitration venue of Wichita, Kansas.  In other words, the "unless" clause of Paragraph 42 does not alter the parties' agreement in Paragraph 39 that the arbitration venue would be Wichita.

> C.      To The Extent That Paragraph 42 And The Texas Business And Commerce Code Require That Jordan Be Allowed To Void The Arbitration Venue Provision, The FAA Preempts Texas Law

Magistrate Judge Rushfelt reasoned as follows:

> Based on ¶¶ 39 and 42 of the contract and through the application of Texas law, Defendant argues that venue properly lies in Texas.  Under ¶ 39, the parties agreed that arbitration would take place in Kansas, unless they mutually agreed otherwise.  In the context of this case, the parties agreed in ¶ 42 that Kansas law would apply to disputes arising under the contract, unless otherwise required by the laws of Texas.  Using the two "unless" clauses, Defendant argues that Tex. Bus. & Com. Code Ann. § 35.52(a) (Vernon 2008) (recodified as Tex. Bus. & Com. Code Ann. § 272.001 (Vernon 2011)), applies "to void the provisions of the Contract attempting to make the Contract or any conflict arising under the Contract subject to Kansas law and arbitration in Kansas – specifically portions of Sections 39 and 42 of the Contract."  Defendant accordingly concludes that venue properly lies in Texas.
>
> Plaintiff argues that the Texas statute cannot alter the terms and enforceability of the arbitration provision, because the FAA preempts that statute.  By "enacting § 2 of the federal Act, Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration."  Section 2 . . . mandates enforcement of arbitration agreements with only two limitations: (1) the arbitration provision must be written within a maritime contract or one showing a commercial transaction and (2) the provisions may only be on "grounds as exist at law or in equity for the revocation of any contract."  Nothing in the FAA indicates "that the broad principle of enforceability is subject to any additional limitations

under State law."

To the contrary, by "creating a substantive rule applicable in state as well as federal courts, Congress intended to foreclose state legislative attempts to undercut the enforceability of arbitration agreements." When a state attempts to place arbitration agreements on unequal "footing" by statutorily imposing requirements for such agreements that are inapplicable to other contracts, the additional requirements conflict with § 2 of the FAA. Although the FAA "contains no express preemptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration," it may preempt state law that "actually conflicts" with the FAA – "that is, to the extent that it stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress."

The instant contract contains an arbitration provision and involves commerce. Accordingly, the FAA applies to it. But Texas law (both §§ 35.52(a) and 272.001) allows one party to the arbitration agreement to unilaterally void the provision that subjects a dispute to arbitration outside of Texas. The Fifth Circuit has found that the FAA preempts a Louisiana statute that automatically declares null and void any provision requiring arbitration to be conducted outside of Louisiana. Other courts have also found similar state statutes preempted by the FAA. By placing additional restrictions on the arbitration agreement, the applicable Texas statute – whether § 35.52(a) or § 272.001 – places the agreement on unequal footing with other contracts. The state statutes thus stand as obstacles to the purposes and objectives of § 2 of the FAA. Consequently, the FAA preempts the Texas law upon which Defendant relies. The Texas statute thus cannot invalidate the venue provision of the contract.

Report And Recommendation (Doc. #27) at 5-8 (footnotes omitted).

Shortly after Judge Rushfelt issued his report and recommendation, a Texas appellate court also held that the FAA preempts Section 272.001 of the Texas Business and Commerce Code. See Cleveland Const., Inc. v. Levco Const., Inc., --- S.W.3d ----, 2012 WL 246497, at *9-11 (Tex. App.–Houston [1 Dist.] Jan. 26, 2012). Cleveland Construction addressed whether Section 272.001 prohibits compelling a party obligated to perform construction or repair to arbitrate a dispute in a state other than Texas. In finding that Section 272.001 could not displace the parties' choice of arbitration venue in a forum selection clause, the court reasoned as follows:

Levco argues in its appellate brief that it "exercised its option to void the requirement in the Contract to arbitrate in Lake County, Ohio" and, "[a]s a result, the trial court properly denied [CCI's] motion to compel arbitration in Lake County, Ohio." It further argues that if this Court narrowly construes the word "provision"

-6-

to mean only the choice of venue rather than the arbitration clause as a whole, this statute would not fall under the FAA's preemption provision.

The FAA preempts all otherwise applicable inconsistent state laws, including any inconsistent provisions of the [Texas Arbitration Act], under the Supremacy Clause of the United States Constitution. U.S. Const. art. VI; see Allied–Bruce Terminix Co. v. Dobson, 513 U.S. 265, 272, 115 S. Ct. 834, 838, 130 L.Ed.2d 753 (1995). The FAA declares written provisions for arbitration "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2006); OPE Int'l LP v. Chet Morrison Contractors, Inc., 258 F.3d 443, 446 (5th Cir. 2001). "In enacting § 2 of the [FAA], Congress declared a national policy favoring arbitration and withdrew the power of the states to require a judicial forum for the resolution of claims which the contracting parties agreed to resolve by arbitration." OPE Int'l, 258 F.3d at 446 (quoting Southland Corp. v. Keating, 465 U.S. 1, 10, 104 S. Ct. 852, 79 L.Ed.2d 1 (1984) and Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 103 S. Ct. 927, 941, 74 L.Ed.2d 765 (1983) ("Section 2 is a congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary.")).

In OPE International, the Fifth Circuit held that a Louisiana provision invalidating arbitration of certain disputes out-of-state was preempted by the FAA, on the ground that the statute "condition[ed] the enforceability of arbitration agreements on selection of a Louisiana forum; a requirement not applicable to contracts generally." Id. at 447; see also Commerce Park at DFW Freeport v. Mardian Constr. Co., 729 F.2d 334, 337 (5th Cir. 1984) (holding that FAA preempted provisions in Texas Deceptive Trade Practices Act that required parties to submit to judicial forum).

We hold that the same reasoning applies here. Applying section 272.001 as Levco asks us to do here would prevent us from enforcing a term of the parties' arbitration agreement—the venue—on a ground that is not recognized by the FAA or by general state-law contract principles. See OPE Int'l, 258 F.3d at 447; see also KKW Enters., Inc., 184 F.3d at 50 ("The venue in which arbitration is to take place is a 'term' of the parties' arbitration agreement."). We hold that the FAA preempts application of this provision under the facts of this case.

Levco argues that this case is distinguishable from OPE International because the Louisiana provision in OPE International "declare[d] null and void and unenforceable" any non-Louisiana venue provision, while section 272.001 declares such provisions only "voidable." However, by allowing a party to subsequently declare void a previously bargained-for provision, application of section 272.001 would undermine the declared federal policy of rigorous enforcement of arbitration agreements. See Perry v. Thomas, 482 U.S. 483, 490, 107 S. Ct. 2520, 2526, 96 L.Ed.2d 426 (1987) (analyzing section 2 and holding that it embodies Congress' intent to provide for enforcement of arbitration agreements within full reach of the Commerce Clause" and that "[i]t's general applicability reflects that the preeminent

-7-

      concern of Congress ... was to enforce private agreements into which parties had entered").

Cleveland Const., 2012 WL 246497, at *9-11.

Based on the above reasoning, the Court finds that to the extent that the Texas Business and Commerce Act requires that defendant be allowed to void the arbitration venue provision in Paragraph 39, the FAA preempts Texas law. See Bradley v. Harris Research, Inc., 275 F.3d 884, 888-90 (9th Cir. 2001) (California franchise statute preempted because it rendered void forum-selection provisions that restricted venue to outside of California); OPE Int'l, 258 F.3d at 446-47; KKW Enters., Inc. v. Gloria Jean's Gourmet Coffees Franchising Corp., 184 F.3d 42, 49-52 (1st Cir. 1999) (Rhode Island franchise statute preempted because it rendered unenforceable forum-selection provisions that restricted jurisdiction or venue to outside of Rhode Island); see also Boccard USA Corp. v. TigPro, Inc., 2007 WL 1894154, at *9 (S.D. Tex. July 2, 2007) (any public policy concern reflected in Section 35.52 not sufficiently clear or strong enough to outweigh strong public policy in favor of forum-selection clauses).[5]

## II.    A Preliminary Injunction Is Appropriate As To The Forum Selection Clause

The purpose of a preliminary injunction is to preserve the status quo pending the outcome of the case. Tri-State Generation & Transmission Ass'n, Inc. v. Shoshone River Power, Inc., 805 F.2d 351, 355 (10th Cir. 1986). As the party moving for injunctive relief, plaintiff must establish that (1) it is likely to succeed on the merits, (2) it is likely to suffer irreparable harm without preliminary relief, (3) the balance of equities tips in its favor and (4) an injunction is in the public

---

[5]    Defendant also argues that because the proper forum under the contract is Texas, the Court should dismiss this matter for lack of jurisdiction under Rule 12(b)(1), or in the alternative, transfer it for improper venue under Rule 12(b)(3). See Defendant's Rule 12(b)(1) And 12(b)(3) Motion To Dismiss Or, In The Alternative, Motion To Transfer (Doc. #16). Because the Court concludes that Wichita is the proper arbitration venue under the contract, the Court overrules defendant's motion.

interest. See Winter v. Natural Res. Defense Council, Inc., 555 U.S. 7, 20 (2008); Tri-State, 805 F.2d at 355. Whether to grant an injunction rests within the sound discretion of the courts after balancing the equities and paying particular regard to the public interests. Winter, 555 U.S. at 24.

    A.       Likelihood of Success On The Merits

For substantially the reasons stated above, plaintiff has demonstrated a substantial likelihood of success on the merits of its arguments related to the venue for arbitration.

Defendant argues that the Court cannot award relief under 9 U.S.C. § 4 because plaintiff is not "an aggrieved party." Doc. #29 at 10-13. Section 4 of the FAA provides as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate *under a written agreement* for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under Title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration *proceed in the manner provided for in such agreement.* . . . The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to *proceed to arbitration in accordance with the terms of the agreement*.

9 U.S.C. § 4 (emphasis added). Defendant argues that it has not failed, neglected or refused to arbitrate the dispute because it has agreed to arbitrate in Texas. Section 4, however, extends more broadly to complaints that another party has failed to arbitrate "under a written agreement" which implicitly includes a failure to arbitrate "in the manner provided for" or under the "terms of the arbitration agreement." Id. Section 4 therefore permits a party to petition a court to compel arbitration on the agreed terms including the location of the arbitration.[6] See KWW Enter., 184 F.3d at 50 (arbitration venue is "term" of parties' arbitration agreement); Merrill Lynch, Pierce, Fenner

---

[6] Defendant also argues that because plaintiff is not an aggrieved party under the FAA, the Court should dismiss this matter for failure to state a claim under Rule 12(b)(6). See Defendant's Rule 12(b)(6) Motion To Dismiss (Doc. #14). Because the Court concludes that plaintiff is an aggrieved party within the meaning of the FAA, the Court overrules defendant's motion.

& Smith, Inc. v. Lauer, 49 F.3d 323, 327 (7th Cir. 1995) (Section 4 extends to grievances that other party has failed to arbitrate under terms of agreement); Snyder v. Smith, 736 F.2d 409, 418 (7th Cir.) (under FAA, court must order parties to arbitrate "in accordance with the terms of the agreement" and one such term of agreement is forum selection clause), cert. denied, 469 U.S. 1037 (1984), overruled on other grounds, Felzen v. Andreas, 134 F.3d 873 (7th Cir. 1998); In re Cintas Corp. Overtime Pay Arbitration Litig., 2007 WL 1089695, at *6 (N.D. Cal. Apr. 11, 2007) (if written agreement contains place-of-arbitration clause, then party's attempt to arbitrate elsewhere is "refusal to arbitrate" under agreement); see also Sterling Fin. Inv. Group, Inc. v. Hammer, 393 F.3d 1223, 1225 (11th Cir. 2004) (Section 4 provides authority to enforce forum selection clause in valid arbitration agreement that has been disregarded by arbitrators).[7]

Defendant next argues that the arbitrator is the proper party to decide procedural issues such as the venue for arbitration. Doc. #29 at 13-21. Judge Rushfelt held that this Court, not the arbitrator, should decide the particular procedural issue of venue. Judge Rushfelt reasoned in part as follows:

> Although Howsam does not address a venue provision, it does provide controlling guidance as to whether an arbitration issue is to be decided by judicial action or through the arbitration process itself. It begins with the well-established proposition that no party may be compelled to arbitrate a dispute that it did not agree to arbitrate. It then reaffirms that "whether the parties have submitted a particular dispute to arbitration, i.e., the 'question of arbitrability,' is 'an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise.'"
> * * * *
> Howsam provides controlling guidance for determining whether courts or arbitrators decide the issue of venue. The starting point is the arbitration clause itself. Paragraph 39 sets out a broad arbitration provision with respect to what matters are subject to arbitration. It then narrows where the arbitration will occur and limits the

---

[7] Several courts have held that a party is not "aggrieved" by a refusal to arbitrate in a particular location, Broadcort Capital Corp. v. Dutcher, 859 F. Supp. 1517, 1520 (S.D.N.Y. 1994) (no discussion of any forum-selection clause); Aaacon Auto Transp. Inc. v. Barnes, 603 F. Supp. 1347, 1349 (same; arbitration to be held before AAA "pursuant to its rules"), but these cases do not appear to involve agreements with explicit forum-selection clauses.

-10-

rules to be applied. It concludes with the qualification apparently applicable to the entire provision – "unless the parties mutually agree otherwise." Although the parties agree that their underlying contract dispute is subject to arbitration, they disagree about the location for it. The disagreement stems directly from the qualifying language at the end of ¶ 39. Without that disagreement and defense arguments that the parties have agreed to arbitration in Texas, based on Texas law, there would be no question that any arbitration would occur in Wichita, Kansas. Plaintiff, furthermore, argues that the venue issue is properly decided by this Court – not through the arbitration proceeding.

Under these facts the venue issue appears to be a gateway dispute as to "whether the parties' binding forum selection clause should be enforced" under 9 U.S.C. § 4 or whether the parties otherwise mutually agreed to modify that binding clause. In either scenario, the issue seems to be one that the parties would more likely expect a court, rather than arbitrator, to decide. While the arbitration provision broadly encompasses "[a]ll claims, disputes and other matters in question arising out of, or relating to, this Agreement," the parties narrow the location of any arbitration to one particular venue subject only to a mutual agreement to hold it elsewhere. Given the precise limitation of the venue provision and the required mutual agreement to change it, the parties have not clearly or unmistakably provided that questions of venue are to be submitted to arbitration. To the contrary, they have specifically designated the location for all arbitration. And to avoid disputes about it, their contract requires a mutual agreement to alter the chosen location. In these circumstances, it is unlikely that the parties thought they had agreed that an arbitrator would decide the venue issue. A judicial ruling on the gateway dispute avoids the possibility of forcing the parties to arbitrate a matter they did not agree to arbitrate. For all of these reasons, this Court may properly determine the arbitration venue issue.

If the venue issue were construed as a procedural matter reserved for arbitration, rather than a "question of arbitrability" reserved for judicial determination, the "unless clause" of ¶ 39 nevertheless makes the venue provision subject to substantive judicial review in this case. The presumption for arbitral decisions of procedural matters is a rebuttable one. Plaintiff has rebutted that presumption. The Court may properly determine the venue issue in this case, including whether the parties mutually agreed to alter the limited venue statement in the otherwise broad arbitration provision.

Report And Recommendation (Doc. #27) at 15 (citations and footnotes omitted).[8]

---

[8]  Judge Rushfelt addressed this Court's authority to decide the gateway dispute of the appropriate arbitration venue, but he did not specifically address this Court's authority to decide choice of law questions. Plaintiff has not attempted to specifically meet the requirements of a preliminary injunction on the choice of law question.

Finally, defendant argues that the parties agreed that Kansas law would not control and any arbitration should occur in Texas. Doc. #29 at 21-23. The Court agrees substantially with Judge Rushfelt's analysis on this issue as follows:

> Even if the Court agreed that Texas law required that it be applied to the construction contract between the parties and that the Texas law was not preempted by the FAA, the Court would not find that ¶¶ 39 and 42, when read together, amount to a mutual agreement to arbitrate the case outside of Kansas. At most, Texas law gives Defendant a unilateral ability to void certain provisions. That unilateral ability does not equate to a mutual agreement between the parties.

Report And Recommendation (Doc. #27) at 9 n.29.

Plaintiff has shown a substantial likelihood of success on the merits of its claim related to the venue for arbitration.

### B. Irreparable Harm

Judge Rushfelt found that absent injunctive relief, plaintiff will suffer irreparable harm because monetary damages would not "compensate for the loss of the right itself, for which Plaintiff has bargained," i.e. the loss of a "contract right to arbitrate disputes in a specifically agreed venue." Report And Recommendation (Doc. #27) at 18-19. Defendant argues that (1) plaintiff did not raise such an argument in its initial briefing on the motion for preliminary injunction and (2) plaintiff would suffer no harm by allowing the AAA address venue issues. The Court finds that plaintiff adequately raised this issue in its initial brief. See Doc. #7 at 10 ("potential loss of its federal substantive right to arbitrate constitutes irreparable harm" distinguishable from purely economic losses). In addition, plaintiff has adequately shown irreparable harm because it has shown that it has no adequate remedy at law.

### C. Public Interest

Judge Rushfelt found that an injunction would advance the public interest set forth in the FAA to recognize and enforce valid contracts. See Report And Recommendation (Doc. #27) at 19.

The Court agrees substantially with Judge Rushfelt's finding.[9]

D.     Balance of Equities

Judge Rushfelt noted that defendant cited certain equitable factors in its favor such as the location of the construction project and subcontractors, but that the balance of equities favors enforcing the arbitration clause as the contract requires. In particular, he noted that entering the requested injunction simply places the parties in the position warranted by their freely negotiated arbitration provision.

**IT IS THEREFORE ORDERED** that the Court adopts in part Magistrate Judge Rushfelt's Report And Recommendation (Doc. #27) filed December 20, 2011.

**IT IS FURTHER ORDERED** that LodgeWorks' Motion For Preliminary Injunction (Doc. #3) filed October 19, 2011 be and hereby is **SUSTAINED in part**. The Court enjoins defendant from seeking to conduct an arbitration hearing in a forum other than Wichita, Kansas or asking the American Arbitration Association to hold a hearing on this dispute in Texas. The motion is otherwise overruled.

**IT IS FURTHER ORDERED** that Defendant's Rule 12(b)(6) Motion To Dismiss (Doc. #14) filed November 4, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant's Rule 12(b)(1) And 12(b)(3) Motion To Dismiss Or, In The Alternative, Motion To Transfer (Doc. #16) filed November 4, 2011 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that the Motion And Memorandum For Expedited

---

[9]     Defendant argues that an injunction would not serve the public interest because it would thwart the parties' agreement to incorporate AAA rules which contemplate that arbitrators, not courts, will decide issues of venue and forum selection. For reasons stated above, this Court may properly determine the arbitration venue issue because it involves a "gateway" dispute.

<u>Consideration Of LodgeWorks' Motion For Preliminary Injunction</u> (Doc. #31) filed February 13, 2012 be and hereby is **SUSTAINED**.

**IT IS FURTHER ORDERED that C.F. Jordan Construction, LLC is enjoined from seeking to conduct an arbitration hearing in a forum other than Wichita, Kansas in its dispute with Lodgeworks, L.P. related to the Design/Build Agreement dated July 16, 2008 and project addendum. C.F. Jordan Construction, LLC is further enjoined from asking the American Arbitration Association to hold a hearing on this dispute in Texas.**

Dated this 27th day of February, 2012 at Kansas City, Kansas.

<u>s/ Kathryn H. Vratil</u>
KATHRYN H. VRATIL
United States District Judge